886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Leroy REECE, Petitioner-Appellant,
v.
John C. GLUCH, Warden, Respondent-Appellee.
 No. 88-3862.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Petitioner, David Leroy Reece, appeals the judgment of the district court which dismissed his petition for a writ of habeas corpus. He now moves to expedite the appeal and for the appointment of counsel and leave to proceed in forma pauperis. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, who is presently an inmate at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Southern District of Ohio. In support of his claim to that relief, he maintained that Ohio authorities had improperly revoked his parole for a 1970 conviction for robbery and caused the lodging of a detainer against him to ensure his eventual return to that jurisdiction. The district court determined that petitioner could still challenge the parole revocation in an Ohio court and dismissed the petition for failure to exhaust state remedies. Petitioner then filed this appeal.
 
 
 3
 This court agrees that petitioner is not presently entitled to challenge the revocation of his parole in a federal proceeding for habeas relief. Specifically, consideration of the record in light of the Ohio statutory and regulatory framework for the revocation of parole indicates that Ohio authorities have yet to render a final decision in regard to petitioner's case. Pursuant to Ohio Admin.Code Sec. 5120:1-1-18(A), petitioner will be accorded a full revocation hearing upon his release from federal custody and his return to the state of Ohio. Only upon the completion of that proceeding, including any possible review by state courts, may petitioner seek relief under 28 U.S.C. Sec. 2254. See Moody v. Daggett, 429 U.S. 78, 86-87 (1976).
 
 
 4
 Accordingly, the motion for leave to proceed in forma pauperis is hereby granted. Furthermore, the motions to expedite the appeal and appointment of counsel are hereby denied and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.